**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> **Plaintiff**, <br><br> v. <br><br> **ALFRED ELLIOTT**, <br><br> **Defendant**. | **Case No. 07 C 4861** <br><br> **Hon. Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alfred Elliott's Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is **granted**. Defendant's sentence shall be vacated and then reimposed to permit Defendant an opportunity for direct appeal.

### I.  BACKGROUND

On June 23, 1989, a jury convicted Defendant Alfred Elliott of seventy counts of wire fraud, security fraud, tax fraud, and racketeering. A pre-guidelines sentence of five years imprisonment was imposed on August 31, 1989, but Defendant failed to appear at FCI Oxford as agreed. Instead, Defendant assumed a new name and fled to Arizona, where he was eventually captured by the FBI in March 2004, after more than fourteen years as a fugitive. Defendant was indicted for knowingly failing to surrender in violation of 18 U.S.C. §§ 3146(a)(2) and 3146(b)(1)(A)(i), and a jury found Defendant guilty of that offense on May 11, 2005.

This Court originally sentenced Defendant to 21 months' imprisonment, after finding a guidelines range of 18-24 months.  On appeal, the Seventh Circuit affirmed Defendant's conviction, but held that the Court miscalculated the guidelines range when it applied an obstruction of justice enhancement.  Although the Seventh Circuit opined that a 21-month sentence would not be unreasonably high (indeed, it believed such a sentence was far too low), the case was remanded to this Court for resentencing in light of the proper guidelines range of 12-18 months.  At resentencing, the Court considered the factors of 18 U.S.C. § 3553(a), including the need for adequate deterrence, and imposed a sentence of 36 months' imprisonment.

At the conclusion of the resentencing hearing, Defendant requested that the clerk file a notice of appeal, and the Court entered an order directing such notice to be filed on Defendant's behalf.  However, a waiver of appeal, which appears to be signed by Mr. Elliott, was subsequently entered into the record by Defendant's stand-by counsel, and the Court presumed that Mr. Elliott had decided to abandon his appeal.

On August 27, 2007, Defendant submitted his *pro se* Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.  In his Motion, Defendant alleges that he was sentenced on the basis of inaccurate information, that he was deprived of a meaningful opportunity to be heard at sentencing, that the Court

did not comply with 18 U.S.C. § 3553(a), and that he was denied appellate review of his sentence. In response, the government argues that Defendant waived his right to appeal (pointing to the signed waiver on the docket) and that his failure to appeal procedurally defaulted his other claims. Defendant argues, in turn, that he does not have a copy of the waiver document, that he did not prepare or file said document, and that he did not authorize anyone else to file such a waiver. Liberally construed, as *pro se* motions must be, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Defendant states a claim that his counsel was ineffective in filing a waiver of appeal that he did not authorize.

## II.  ANALYSIS

The threshold issue in this case is whether Defendant knowingly and voluntarily waived his right to appeal. If Defendant willingly failed to raise his complaints on direct appeal, the government is correct that those issues are procedurally defaulted. *See Barker v. U.S.*, 7 F.3d 629, 632 (7th Cir. 1993). However, if Defendant's right to appeal was involuntarily forfeited by the ineffective assistance of his counsel, he will have established both the cause and prejudice necessary to overcome any procedural default. *See Bishawi v. U.S.*, 292 F.Supp.2d 1122, 1126-28 (S.D. Ill. 2003). Indeed, denial of a requested appeal by the ineffectiveness of counsel may be a wholly independent ground for *habeas* relief, entitling petitioner to his right to appeal. *See*

*Garcia v. U.S.*, 278 F.3d 134, 137 (2d Cir. 2002) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)).

The Court will generally enforce an appeal waiver where it is set out expressly and unambiguously and where it has been entered into knowingly and voluntarily. *See Jones v. U.S.*, 167 F.3d 1142, 1144 (7th Cir. 1999). "Most waivers are effective when set out in writing and signed." *See U.S. v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). Thus, the waiver which appears to be signed by Mr. Elliott is not lightly disregarded. Nor will the Court routinely set aside such written waivers where they are contradicted solely by a defendant's self-serving statement that the waiver was not knowingly or voluntarily signed. However, a waiver of appeal can be upheld only if the record "clearly demonstrates" that the defendant knowingly and voluntarily entered into the agreement. *See U.S. v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). Therefore, Mr. Elliott's declaration that he did not prepare the waiver, did not authorize anyone else to file it on his behalf, and does not even have a copy of the document, compels the Court to examine Defendant's purported waiver more deeply.

Although Defendant reasonably could have decided to abandon his appeal upon further examination of its merits, a voluntary waiver of his rights does seem to be at odds with Mr. Elliott's diligent pursuit of an appeal in this case. Upon imposition of the Court's new sentence, Mr. Elliott immediately requested that the

clerk file a notice of appeal on his behalf and that counsel be appointed for him.  A week later, Defendant submitted a motion for appointment of counsel to the Seventh Circuit Court of Appeals.  Just six days before the waiver of appeal was filed, Mr. Elliott filed a motion for leave to appeal *in forma pauperis* and to receive transcripts of the resentencing hearing without cost.  Yet, despite this diligence, Defendant is alleged to have waived his right to appeal prior to appointment of appellate counsel or receipt of the resentencing transcript.

Importantly, the waiver document, even if willingly submitted, only expressly waives Defendant's right to challenge his *conviction*.  It is silent as to Defendant's right to appeal his *sentence*, and the Court hesitates to enforce a waiver beyond its express scope.  *Cf. Bridgeman v. U.S.*, 229 F.3d 589, 591-92 (where agreement only waived right to appeal sentence, court refused to imply waiver of right to appeal underlying conviction).  Nonetheless, the government argues that the document should be understood as a waiver of Elliott's right to appeal his sentence because (1) it is titled "waiver of right to appeal," (2) Elliott did not explicitly carve out his right to appeal his sentence, and (3) his sentence was the only issue left to be appealed, and thus the only issue on which appeal could have been waived.  The government's first two arguments ignore the clear language of the waiver document.  Mr. Elliott had no reason to carve out his right

to appeal his sentence where the initial language of the waiver did not forfeit that right, and the title of the document cannot fairly waive further rights than the express language to which Defendant agreed. Although limiting the waiver to its express terms (waiving the right to appeal a conviction that had already been affirmed on appeal) would appear to render the waiver a legal nullity, the Court believes it is at least as likely that Elliott chose to willingly relinquish a right he no longer had as it is that Elliott chose to abandon an appeal which he had so diligently pursued.

Considering all of the circumstances, including the express language of the waiver, the Defendant's diligent pursuit of his appeal, and Defendant's declaration that he has never seen the waiver document in question, the Court cannot find that the record clearly demonstrates a knowing and voluntary waiver of Defendant's right to appeal his sentence. Because Defendant has been denied completely of his right to an appeal, prejudice is presumed, and he need not make any specific showing about what he expects to argue on appeal or demonstrate the merit of those arguments. *See Flores-Ortega*, 528 U.S. at 484. In such circumstances, where Defendant is entitled to a new appeal, the proper procedure is to vacate the judgment and reimpose the sentence to permit a new appeal. *U.S. v. Hirsch*, 207 F.3d 928, 931 (7th Cir. 2000). Because Defendant's further arguments regarding the appropriateness of this Court's sentence may be presented on direct appeal, a ruling by this Court

on the remainder of Defendant's motion to vacate, set aside or correct his sentence would be premature. *See Bashawi*, 292 F.Supp.2d at 1128.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion to Vacate, Set Aside, or Correct the Sentence is **granted.** Defendant's sentence of 36 months imprisonment and 3 years supervised release is ordered to be vacated and reimposed. The Clerk shall file a Notice of Appeal on Defendant's behalf, and Defendant is granted leave to proceed on appeal *in forma pauperis*. If Defendant desires the assistance of counsel on appeal, he should move for appointment of counsel with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** August 5, 2008